UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIMBERLY WHEELER,

    Plaintiff,

v.                                                            Case No.:  2:25-cv-623-SPC-NPM

THE STANDARD FIRE
INSURANCE COMPANY,

    Defendant.

                             /

## OPINION AND ORDER

Before the Court is Defendant The Standard Fire Insurance Company's

supplement to its notice of removal.  (Doc. 13).  Because Defendant has failed

to properly show diversity of citizenship, the Court remands.

A defendant may remove a civil action from state court if the federal

court has original jurisdiction.  *See* 28 U.S.C. § 1441(a).  "A removing defendant

bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent*

*a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  And because federal courts have

limited jurisdiction, they are "obligated to inquire into subject matter

jurisdiction sua sponte whenever it may be lacking."  *Univ. of S. Ala. v. Am.*

*Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Defendant invokes the Court's diversity jurisdiction.  (Doc. 1 ¶ 14).  A

federal court has diversity jurisdiction over a civil action where there is

complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Defendant has twice failed to show its citizenship.

Last time around, the Court explained that a corporation, like Defendant, is a citizen of both its place of incorporation and principal place of business. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011) (citing 28 U.S.C. § 1332(c)(1)). But Defendant had failed to show its principal place of business. It relied on a printout from Florida's Division of Corporations website to show its principal place of business is in Connecticut. (Doc. 1-6). The printout listed only Defendant's "principal address" and addresses of some of its officers or directors. (*Id.*). The Court found this information did not show Defendant's "nerve center," so it could not establish its principal place of business. *See Wylie v. Red Bull N. Am., Inc.*, 627 F. App'x 755, 758 (11th Cir. 2015) (finding that a corporation listing an address as its principal office and listing the same address for several officers is insufficient on its own to establish a principal place of business).

Defendant has since supplemented its notice of removal. (Doc. 13). Defendant cites *Hertz* and argues its nerve center, and therefore principal place of business, is in Connecticut. In support, it provides only an SEC Form 15 that lists Defendant's "principal executive office" in Hartford, Connecticut. (Doc. 13-3). But in *Hertz*, the supreme Court rejected almost this exact

argument, SEC form and all. *See Hertz*, 559 U.S at 97 ("[W]e reject suggestions such as, for example, the one made by petitioner that the mere filing of a form like the Securities and Exchange Commission's Form 10–K listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'"). So Defendant's second attempt at establishing its principal place of business fails much like the first.

Defendant has not met its burden to show its principal place of business. Without this information, the Court cannot determine Defendant's citizenship. And without Defendant's citizenship, the Court is not satisfied that it has jurisdiction over this action.

Accordingly, it is now

**ORDERED:**

1.      This action is **REMANDED** to the Twentieth Judicial Circuit, in and for Lee County, Florida.

2.      The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit, in and for Lee County, Florida.

3.      The Clerk is further **DIRECTED** to deny any pending motions as moot, terminate any deadline, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 31, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4